## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ASHMOND JACKSON and,** | § | |
| **JOSHUA NAVARRO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | |
| **RITRAN, INC., dba International** | § | |
| **House of Pancakes,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action for unpaid minimum and overtime wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. This action is brought by Plaintiffs Ashmond Jackson and Joshua Navarro, both of whom have been employed as servers by Defendant, which operates a restaurant under the name International House of Pancakes ("IHOP") in Rockwall, Texas.

### NATURE OF SUIT

1.      The FLSA requires employers to pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward their minimum wage obligations. 29 U.S.C. § 203(m)(2). The FLSA prohibits employers from paying their tipped employees *nothing* and instead forcing its employees to rely exclusively on their tips for their compensation. *See id.* (setting forth the maximum amount of tips that may be counted toward minimum wages).

2.	Furthermore, an employer may *only* take advantage of this tip credit where it has provided notice to the tipped employee of the employer's obligations under the tip credit provision and where the tipped employee retains all tips earned. *Id.* If an employer violates either of these provisions, it loses its right to avail itself of the tip credit and must pay the employee the full minimum wage of $7.25 per hour. *See id.*

3.	The FLSA also requires that, when an employee works in excess of 40 hours in a workweek, the employee be compensated at one-and-a-half times their regular rate of pay. 29 U.S.C. § 207(a). Tipped employees, like other employees, are entitled to overtime compensation, though an employer may take a tip credit of up to $5.12 per hour for overtime hours. *See* 20 C.F.R. § 531.60.

4.	Defendant violated the minimum wage provisions of the FLSA as to Plaintiffs by failing to compensate them at all for many of their hours worked (by directing them to work "off the clock" and deleting hours from time records). Defendant further violated the minimum wage provisions of the FLSA by taking the tip credit but failing to notify them of the requirements under the tip credit provision and by failing to allow them to retain all of the tips that they earned, in violation of 29 U.S.C. § 203(m)(2).

5.	Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiffs the required overtime rate during weeks in which they worked over 40 hours.

6.	Accordingly, Plaintiffs seek unpaid minimum wages, unpaid overtime wages, liquidated damages, and attorney's fees under the FLSA.

**JURISDICTION AND VENUE**

7.     Plaintiffs bring this case to recover unpaid compensation under 29 U.S.C. §201, *et seq*. This Court therefore has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

8.     Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) as all or a substantial part of the acts or omissions giving rise to Plaintiffs' causes of action occurred in or around Rockwall County, Texas, which is in this District and Division.

**THE PARTIES**

9.     Plaintiff ASHMOND JACKSON is an individual residing in Dallas County, Texas. Plaintiff has consented to the filing of this action for violations of the FLSA. (*See* Exhibit "A.")

10.     Plaintiff JOSHUA NAVARRO is an individual residing in Rockwall County, Texas. Plaintiff has consented to the filing of this action for violations of the FLSA. (*See* Exhibit "B.")

11.     Defendant RITRAN, INC. d/b/a International House of Pancakes is a Texas for-profit corporation which may be served with process by serving its registered agent, Heath P. Grob, at 106 N. 2nd Street, Rockwall, Texas 75087.

**COVERAGE UNDER THE FLSA**

12.     Defendant's food service operation is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

13.     As Defendant's employees, Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203.

14.     Defendant has, at all times relevant to this action, employed servers and other workers who performed food service related duties, including but not limited to preparing and serving food, cleaning the restaurants, and operating the cash register. Defendant therefore has, at all times relevant to this action, employed more than two employees who handle and work with goods that have been moved in or produced for commerce.

15.     Throughout their employment with Defendant, Plaintiffs handled goods or materials that had been moved in or produced for commerce, including, but not limited to, food, flatware and silverware, and cleaning supplies.

16.     As a result, Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

17.     Defendant recruited, hired, and employed Plaintiffs to work as servers in their IHOP restaurant located in Rockwall, Texas.

18.     Plaintiff Ashmond Jackson worked as a server for Defendant in its IHOP restaurant in Rockwall, Texas from approximately May 2015 until approximately September 2018.

19.     During the three-year FLSA limitation period, Plaintiff Jackson regularly worked between 55 and 65 hours per week for Defendant, frequently working double shifts on a given day.

20.     Plaintiff Joshua Navarro has worked as a server for Defendant in its IHOP restaurant in Rockwall, Texas for various periods beginning around May 2012.

21.     Plaintiff Navarro is currently employed by IHOP as a server. He most recently became reemployed by IHOP in approximately February 2018.

22.     During the three-year limitation period, Plaintiff Navarro has regularly worked in excess of 50 hours per week for Defendant, generally working over 10 hours per day, five days per week.

23.     Despite regularly working more than 40 hours per week, Defendant did not provide Plaintiffs with additional overtime compensation as required by the FLSA.

24.     In addition, Defendant did not compensate Plaintiffs at all for many of the hours that they worked in violation of the minimum wage provisions of the FLSA.

25.     Throughout the period relevant to this action, Defendant regularly required Plaintiffs to perform "off the clock" work during most or all of their shifts by directing them to work while clocked out.

26.     Throughout the period relevant to this action, Defendant regularly altered Plaintiffs' time records by deleting hours that they worked from the timekeeping system.

27.     Defendant then paid Plaintiffs on the basis of these altered records reflecting reduced hours.

28.     Defendant further violated the minimum wage provisions of the FLSA by paying Plaintiffs less than the minimum wage of $7.25 per hour but failing to meet the requirements to avail itself of the tip credit provision stated in 29 U.S.C. § 203(m)(2).

29.     Specifically, Defendant did not provide Plaintiffs with notice of the requirements of the tip credit provision, as required to take the tip credit under the FLSA.

30.     Defendant informed Plaintiffs and other servers that they would be responsible for paying customers' checks out of their tips if the customer left without paying or if the server did not obtain the signed credit card receipt. Therefore, Defendant could not have provided Plaintiffs

notice that all tips received by the tipped employee are to be retained by the employee, as required by the FLSA.

31.     In addition, Defendant did not allow Plaintiffs to retain all of their tips by, for example, failing to pay Plaintiffs all of the tips that they earned that were left by customers who paid by credit card.

32.     Defendant further denied Plaintiff Navarro all of his tips and/or the tipped minimum wage of $2.13 per hour by requiring that Plaintiff Navarro pay Defendant for customers' bills when the customer failed to pay.

33.     At all times relevant to this action, Defendant failed to maintain complete and accurate records of Plaintiffs' hours worked and compensation paid as required by the FLSA.

34.     At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the required minimum wage and overtime compensation due to Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage)

35.     The above-described actions by Defendant violated Plaintiffs' right to the minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime)

36.     The above-described actions by the Defendant violated Plaintiffs' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs:

C.      Unpaid minimum wage and overtime compensation, and an equal amount of

liquidated damages;

D.      Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E.      Post-Judgment interest, as provided by law; and

F.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

EQUAL JUSTICE CENTER

By:  s/ Shana Khader_____
Shana Khader
Texas State Bar No. 24099860
1250 West Mockingbird Lane, Suite 455
Dallas, Texas 75247
Tel.: (469) 228-4233
Fax: (469) 941-0861
skhader@equaljusticecenter.org

Aaron Johnson
Texas State Bar No. 24056961
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Telephone: (512) 474-0007
Fax: (512) 474-0008
ajohnson@equaljusticecenter.org

ATTORNEYS FOR PLAINTIFF